UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS<br>FRANCHISING, INC.,<br><br>                   Plaintiff,<br><br>   v.<br><br>REMO POLSELLI,<br><br>                   Defendant. | NO. 2:19-CV-0082-TOR<br><br>ORDER DENYING MOTION TO<br>QUASH; DISMISS |

BEFORE THE COURT is Defendant Remo Polselli's Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction (ECF No. 7). The matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Motion (ECF No. 7) is **denied**.

Defendant Remo Polselli moves the Court to "quash the service of process purportedly served on Remo Polselli and to dismiss the action" pursuant to Federal Rule of Civil Procedure 12(b)(5).

Pursuant to Federal Rule of Civil Procedure 4(c), the plaintiff is responsible for serving a summons and complaint within the time allowed by Rule 4(m). Service can be made by "[a]ny person who is at least 18 years old and not a party". Fed. R. Civ. P. 4(c). Rule 4(e) provides that service upon an individual may be completed by: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." A person can have more than one dwelling house or usual place of abode for purpose of Rule 4. *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (citing *National Dev. Co. v. Triad Holding Corp.,* 930 F.2d 253, 257 (2d Cir. 1991)).

The Courts "decision regarding the sufficiency of service of process" is reviewed for an abuse of discretion. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

Defendant's entire argument is that service was not proper because "Plaintiff attempted service at one [or] more locations in the State of California, rather than Polselli's 'dwelling house or usual abode' in the State of Michigan 'or with someone who resides there.'" ECF No. 7 at 5. First, Defendant notes that "Plaintiff issued a Summons to Romeo Polselli, **not Remo Polselli**, at 384 Forest Avenue, Suite 26, Laguna Beach, CA 92561 and 21 Shell Beach, Newport Coast, CA 92657." ECF No. 7 at 2 (emphasis in original). According to Defendant, he "is without knowledge whether [] Plaintiff attempted service at either location." ECF No. 7 at 2. Second, Defendant asserts that "service was attempted . . . at 5 Coral Ridge Newport Coast, CA 92567, but was rejected by Hana Karcho, Polselli's wife, who advised the process service that Polselli was not present at the time." ECF No. 7 at 2.

Notably, as Plaintiff points out in its Response, Defendant does not include an affidavit supporting their claims. Further, Defendant does not provide any further explanation as to why the California locations were not proper, other than his contention that his usual place of abode is in Michigan.

Plaintiff filed a Response (ECF No. 8) detailing its numerous attempts to serve Defendant. Plaintiff explains that Polselli provided the Shell Beach address to Red Lion and agreed that '[a]ny notices, requests and demands' made under the Guarantee should be sent to the Shell Beach address." ECF No. 8 at 2. Plaintiff asserts that it made "*seven* attempts to personally serve Mr. Polselli at the Shell Beach address from April 8 through April 27, 2019" but "[t]he Shell Beach address was unoccupied each time." ECF No. 8 at 3.

Plaintiff also represents that it "attempted to personally serve Mr. Polselli at an address discovered for him in Michigan[,]" but the process server was told by a security guard at the address that Mr. Polselli "sold that home several years prior." ECF No. 8 at 3. The "process server then contacted Hanna Polselli, Mr. Polselli's wife, by telephone and left her a number of voice messages." ECF No. 8 at 3. "Mr. Polselli then called the process server himself, inquired about the case, and told the process server that he would contact his attorneys to find out which attorney would be handling this matter and where to serve the documents." ECF No. 8 at 3. "The process server attempted to contact Mr. Polselli again following that conversation, but Mr. Polselli never responded with instructions for where to effectuate service." ECF No. 8 at 3.

According to Plaintiff, it "discovered the address at . . . 5 Coral Ridge, Newport Coast, CA 92657", which is owned by Mr. Polselli's company (Antigua

Investments, LLC).  ECF No. 8 at 3.  Red Lion hired a process server to attempt personal service at the Coral Ridge address on May 30, 2019.  ECF No. 8 at 4.  "When he arrived, the process server noticed two vehicles with Michigan license plates in the driveway."  ECF No. 8 at 4.  According to Plaintiff, "[t]hese vehicles were being leased by Pacific Coast Leasing, Inc.[,]" which is "another company owned by Mr. Polselli."  ECF No. 8 at 4.  "The process server personally spoke with Ms. Polselli, who identified herself as Mr. Polselli's wife" and "told the process server that her husband was not home."  According to Plaintiff, "Ms. Polselli then agreed to—and did—accept service on behalf of Mr. Polselli."

According to Plaintiff, "Mr. Polselli receives mail at the Coral Ridge address and his name is on the utilities".  ECF No. 8 at 3-4.  Plaintiff asserts Mr. Polselli "was actually staying" at the Coral Ridge dwelling "when Ms. Polselli accepted service on his behalf . . . ."  ECF No. 8 at 4.  Later, "Ms. Polselli mailed the summons and complaint to Summit Law Group, writing on the summons that the documents were 'served to [her] in error.'"  ECF No. 8 at 4.  "The Coral Ridge address was listed as the return address."  ECF No. 8 at 4.

Plaintiff has presented sufficient indicia that the Coral Ridge residence is one of Defendants' "usual place of abode."  As noted above, Mr. Polselli receives mail at the house and owns the property though his business; there were two cars leased to another one of Mr. Polselli's company at the location; the return address

for the letter to Summit Law Group identified Coral Ridge; and Mr. Polseli's wife was present at the dwelling who said Mr. Polselli is not "home" at that time, but agreed to—and did—accept service on behalf of Mr. Polselli.

The Court finds that Plaintiffs have presented sufficient evidence to rebut Defendant's unsupported claim that his only usual place of abode is in the State of Michigan. Service has been effectuated.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Remo Polselli's Motion to Quash Service of Process and to Dismiss for Lack of Personal Jurisdiction (ECF No. 7) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** October 24, 2019.



THOMAS O. RICE
Chief United States District Judge